Levy & Block vs. Their Creditors.

---

No. 12,948.

LEVY & BLOCK vs. THEIR CREDITORS.

SYLLABUS.

1. Parties seeking a respite do not bring into court any fund for distribution; on the contrary, their object is to withdraw their property from legal pursuit and beyond legal controversy.

2. A creditor for two hundred and twenty-five dollars who, in the interval between an application for a respite and the order thereon granting a stay of proceedings and the meeting of creditors called thereby, instituted an action against the parties seeking a respite for the unpaid purchase price of goods sold them with recognition of privilege, and for judgment, and accompanied his demand with an application for a writ of sequestration, is not entitled when the sequestration is set aside and his suit dismissed, on the ground that the allegations of his petition are untrue, to appeal to the Supreme Court.

The fact that he may have filed this suit in the respite proceedings and called it an intervention or third opposition, does not affect the question.

There is no *concursus* formed by such a proceeding, and there is no fund in court for distribution.

ON APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Solomon Wclff* for Intervenors, Appellants.

*Parkerson & Tobin* and *W. H. Robinson* for Defendants, Appellees.

Argued and submitted March 22, 1899.
Opinion handed down April 3, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J. On October 14, 1898, Levy & Block filed an application in the Civil District Court for a respite.

Accompanying this petition, were different schedules, one of them containing a list of their ordinary, another of their privileged creditors.

Kohn, Weil & Co., and Layman, Kenney & Boze figured on the first of these lists, but not upon the second. The former were recognized as creditors to the amount of $226.25, and the latter as creditors in the sum of $113.

The District Court rendered an order upon the application for respite, for a meeting of the creditors of Levy & Block, on the fourteenth of November; and directed that in the meantime, proceedings against their persons and property be stayed.

On the 14th of October, Kohn, Weil & Co. and Layman, Kenney & Bose filed separate petitions of intervention and third opposition in the respite proceedings.

The pleadings and prayers of their petitions were similar in character, and as nearly identical as the pleadings and prayers of different parties could be.

The plaintiffs alleged themselves to be creditors of Levy & Block; the former for the sum of $226.25; the latter for the sum of $113. They alleged that their claims were for the unpaid portion of the price of goods sold by them to their said debtors; that the claims,

were past due; that they were secured as to payment by vendor's privilege on the goods so sold by them, which were still in the possession of Levy & Block, and that they feared that the latter would conceal, part with, and dispose of the goods on which their privilege rested, during the pendency of the suit.

In view of their allegations, they prayed that said property be sequestered under orders of sequestration, which they asked should be issued; that their debtors be cited, and, that after due proceedings, they have judgment against them for the amount of their respective claims, with recognition of their privilege, and that they be paid, respectively, by preference out of the proceeds of the sale of said property over all other persons.

Orders for writs of sequestration issued upon these petitions, and were executed by the sheriff.

Levy & Block appeared, and moved for the dissolution of the sequestrations, and the dismissal of the petitions of intervention and third opposition, upon the ground, that they were issued illegally, improperly, and in defiance of the court's order staying proceedings, and the further ground, that the allegations of the petitions and affidavits were untrue.

The District Court, in two different judgments, dissolved the sequestrations, and dismissed the intervention and third oppositions, and the plaintiffs in those suits appealed to the Supreme Court.

An admission appears in the record, that after the writs of sequestration were issued, the sheriff appointed Levy & Block keepers of the property sequestered, under instructions from the attorneys of the intervenors and third opponents, and that the goods were left at the store of the debtors at the request of their counsel at a casual meeting.

The cases were argued before the Supreme Court upon the single proposition advanced by Levy & Block, and sustained by the District Court; that, when plaintiffs, who have obtained writs of sequestration upon sworn allegations that they fear defendants will conceal, part with, or dispose of merchandise sequestered, instruct the sheriff in executing the writs to appoint the defendants themselves keeper of such merchandise, they effectually disprove their own allegations, and the writs must fail.

Contest over the right of Kohn, Weil & Co., and Layman, Kenney & Bose to have brought suit and sequestered in spite of the orders of

the District Court staying proceedings against Levy & Block and their property, appears to have been abandoned if ever insisted upon.

## Opinion.

No motion has been made to dismiss these appeals; but, if the subject matters involved are not such as to bring them within our appellate jurisdiction, we have no discretion; but must decline to pass upon the questions submitted.

Appellants having been called on through our clerk for the theory upon which they have brought the appeals before us, have replied that they rely upon that portion of Article 65 of the Constitution of 1898, which gives the Supreme Court appellate jurisdiction, "in all cases where the fund to be distributed, whatever may be the amount therein, shall exceed two thousand dollars."

Levy & Block have not only not brought into court any fund to be distributed, but the object of their suit is, on the contrary, through respite proceedings, to have their entire property left in their hands for a given period, secured from being brought into court for the payment of claims against them.

Appellants in the suit which they have brought have not attacked the respite proceedings in any manner.

Appellants simply brought two independent suits as vendors of goods sold by them to Levy & Block, to recover for the unpaid portions of the price due them, with recognition of a vendor's privilege upon the same, coupled with sequestrations.

There is no allusion to, or connection with the respite proceedings further than that which results from the fact, that the plaintiffs refer to their own proceedings as interventions and third oppositions therein; and that their actions bear the title of, and are given the number of the suit of Levy & Block vs. Their Creditors.

Appellants each claim to be privileged creditors; if so, they are expressly excluded by Article 3095 of the Civil Code from the operation of the respite laws.

They have the right, notwithstanding the application of their debtor for a respite, to proceed judicially by separate and independent suits, to have their *status* ascertained and fixed, and to have payment of their claims enforced, to the extent, at least, of the exhaustion in their favor of the property struck by privilege.

If the debtors question their rights of privilege, the proper and

legal course for them to pursue, is to contest the same in the suits which have been brought against them.

Appellants can not, by altering the mere form of their proceedings and calling them interventions and third oppositions, alter the substance of things.

Were we to take cognizance of appellants' suits, and reverse the judgments which have been rendered against them, they would not, as the result of our decree, be entitled to take out of court any portion of a fund which is now in court for distribution.

We would have had simply to deal in each case with the sequestration which was issued therein, and confirm their right to maintain it.

There is no *concursus* involved in these proceedings; no questions of conflicting rights *de hors* those of each of the plaintiffs and their debtors.

Appellants say, that when the creditors meet, they may possibly refuse the respite, and should they do so, *a cessio bonorum* will follow, and the entire estate of Levy & Block will pass into the hands of a syndic for liquidation and distribution.

That is possible, but it is a remote contingency upon which no decree affecting the rights of the parties can be presently predicated.

We regret very much that we have to dispose of these appeals in the way we do, as all the parties seem desirous of having the opinion of this court upon the issues made; but we have no alternative, but to dismiss the appeals.

The principles announced in Freyhan vs. Berry *et als.*, 49th Ann., 309; Denegre vs. Mushet, 46th Ann., 90, and Wheelwright vs. Transportation Co., 47th Ann. 540, find application here.

The appeals are hereby dismissed.

MONROE, J., takes no part in this case, as he was not a member of the court when the case was submitted.